**In re Lisa Lee KLEIN, Debtor.**

**UNITED STATES of America, Appellant,**

v.

**Lisa Lee KLEIN, Appellee.**

**No. CV 95–0253 JMI.**

United States District Court, C.D. California.

Aug. 30, 1995.

Gregory A. Roth, Asst. U.S. Atty., Civil Div., Los Angeles, CA, Edward M. Robbins, Jr., Nora M. Manella, Asst. U.S. Atty., Tax Division, Los Angeles, CA, for appellant.

A. Lavar Taylor, A. Lavar Taylor Law Offices, Santa Ana, CA, for appellee.

**ORDER AFFIRMING JUDGMENT IN DEBTOR'S FAVOR BY BANKRUPTCY COURT ON NOVEMBER 15, 1994**

IDEMAN, District Judge.

**IT IS HEREBY ORDERED:**

The Court is in receipt of the appeal by the UNITED STATES OF AMERICA of the Judgment in the debtor's favor by Bankruptcy Judge Arthur M. Greenwald on November 15, 1994. The Court did not hear oral argument on this appeal. After careful review of the written submissions, the Court hereby AFFIRMS the Bankruptcy Court's decision in its entirety.

The present appeal arises from two consolidated adversary proceedings commenced by

appellee LISA LEE KLEIN [hereinafter "Klein"] to determine the dischargeability of income taxes assessed by the IRS for taxable years 1981 through 1987. Following the denial of a summary judgment motion brought by the government, the two adversary proceedings were consolidated. A bench trial was held before Judge Arthur M. Greenwald. On November 15, 1994, the Court held that the taxes, interest and penalties for all of the years in question were all discharged in Klein's Chapter 7 bankruptcy. The United States appealed.

### Standard of Appellate Review

This appeal involves a question of fact. A Bankruptcy Court's findings of fact are reviewed under the clearly erroneous standard. *Henderson v. Buchanan,* 985 F.2d 1021, 1023 (9th Cir.1993).

### Statement of Facts

Klein filed her Federal income tax returns for the tax years 1981 through 1986 on April 4, 1987. The IRS made assessments against her on May 18, 1987 and June 8, 1987 which totaled in excess of $200,000.00. Appellant's Excerpts of Record [hereinafter "Excerpts"] at 258–261 and 740–742.

**Offer in Compromise**

On July 30, 1987, Klein submitted an offer in compromise to the IRS on Form 656, "Offer in Compromise," with respect to these assessments. Excerpts at 261, 301. The Offer in Compromise states in part:

> ... the offer shall be deemed pending from the date of acceptance of the waiver of the statutory period of limitations by an authorized Internal Revenue Service official, until the date on which the offer is formally accepted, rejected or withdrawn in writing. Excerpts at 261, 301–302 and 742.

On July 30, 1987, an IRS official waived the statutory period of limitations. Excerpts at 262 and 743.

On April 11, 1989, Sherrill Fields, Chief of the Collection Division in the Los Angeles IRS District, sent a letter to Klein which stated, in pertinent part:

> The offer is recommended for rejection on the basis that it is in the best interests of the government to do so.

> We must therefore ask you to pay your account in full as soon as possible. Excerpts at 307.

**Appeal**

On April 18, 1989, Klein's attorney sent a letter to the IRS stating that "[i]n response to your letter of April 11, 1989, we want to file an appeal on the rejection." Excerpts at 308. Klein's case was assigned to an Appeals Officer who sent a letter to Klein's attorney stating, "due to the fact that the rejection letter sent on April 11, 1989, starts the collection statute running again, I need a new Form 433 and a new 656 [Offer in compromise form] from your client." Excerpts at 337.

In February of 1991, Klein's attorney withdrew the matter from the Appeals Officer by sending a letter to him. Plaintiff never filed a new 656 Offer in Compromise form.

On February 25, 1991, Klein filed a Chapter 7 bankruptcy petition. Excerpts at 263–64. Klein received a discharge of her income tax debts on June 28, 1991. Excerpts at 311.

### Applicable Law

The Bankruptcy Code provides that, in a Chapter 7 case, a discharge "discharges the debtor from all debts that arose before the date of [the bankruptcy petition] ...," except as provided in Bankruptcy Code § 523(a). Bankruptcy Code § 727(b).

If an income tax was assessed within 240 days of the date of the bankruptcy petition, the tax is entitled to priority treatment under § 507(a)(7). The 240 day period is extended if an offer in compromise is made to the IRS during the 240 days following the date of assessment. The length of the extension is the period of time during which the offer in compromise was "pending," plus another thirty days. Bankruptcy Code § 507(a)(7)(A)(ii).

### Analysis

Klein submitted her offer in compromise to the IRS on July 30, 1987, fifty-two (52) days after the date of the latest assessments made against her. Per the Bankruptcy Court's findings of fact, the IRS formally rejected Klein's offer in compromise on April

11, 1989. Thus, the 240 day period began to run again. Because Klein's Chapter 7 bankruptcy petition was filed on February 25, 1991, long after the expiration of the 240 day period (as extended), the Bankruptcy Court fairly concluded that the taxes in question were dischargeable.

The IRS attempts to avoid this result by arguing that the IRS never "formally rejected" Klein's offer in compromise or, in the alternative, that the consideration of Klein's case by the Appeals Office "continued the offer process." Brief for Appellant at 24. The Bankruptcy Court held against the IRS on both points. The Bankruptcy Court's decision is hereby AFFIRMED.

The Bankruptcy Court's first factual finding, that the offer in compromise had been formally rejected by the IRS, is clearly supported by the plain text of the rejection. The IRS formally rejected Klein's offer in compromise on April 11, 1989, when the rejection letter was sent to Klein. The letter states "the offer is recommended for rejection ... we must therefore ask you to pay your account in full as soon as possible." Excerpts at 307. The Bankruptcy Judge listened to extensive testimony on the IRS' typical rejection letter and other related procedures. The Court finds no reason to revisit such evidence when the rejection is clear in the face of the letter.

Second, because it was not submitted on the official IRS form for the submission of offers in compromise, the letter of appeal sent by Klein's attorney to the IRS on April 18, 1989, did *not* constitute a new offer in compromise.

As set forth above, a Bankruptcy Court's findings of fact are reviewed under the clearly erroneous standard. *Henderson v. Buchanan,* 985 F.2d 1021, 1023 (9th Cir. 1993). Judge Greenwald's findings herein are not clearly erroneous. The IRS' appeal is DENIED.

**IT IS SO ORDERED.**