CONTIE, Circuit Judge.
 

 The bankruptcy court discharged the federal income tax liabilities of George and Lois Aberl for the 1981 and 1983 tax years. The district court affirmed the bankruptcy court. For the following reasons, we affirm.
 

 I.
 

 On May 23, 1990, the Internal Revenue Service (“IRS”) mailed George and Lois Aberl (“Aberls” or “the Debtors”) a notice of deficiency for the 1981 and 1983 tax years. On August 21, 1990, the Aberls submitted an offer in compromise to the IRS seeking to settle their unpaid federal income tax liabilities for the 1979 through 1984 tax years. Specifically, the Debtors offered the IRS $35,000 to settle the dispute. On October 19, 1990, the IRS formally assessed the following tax deficiencies: $26,630.40 for the 1981 tax year and $2,326.46 for the 1983 tax year. On March 12, 1991, the IRS rejected the Debtors’ offer in compromise. On November 27, 1991, the Debtors filed a petition in bankruptcy court under Chapter 7 of the Bankruptcy Code.
 

 Following the IRS’s issuance of a proof of claim (totaling $427,355.89) for the 1979 through 1983 tax years, the Aberls filed this action against the United States on December 23, 1991, seeking to discharge the tax debts. Though the United States conceded in bankruptcy court that the Aberls’ tax liabilities for the 1979, 1980 and 1982 tax years were dischargeable (pursuant to section 727 of the Bankruptcy Code), the United States insisted that the Aberls’ tax liabilities for 1981 and 1983 were not dischargeable.
 

 Following trial, the bankruptcy court held that the Aberls’ 1981 and 1983 taxes were dischargeable. Specifically, the bankruptcy court strictly construed the statute that provides exceptions to dischargeability and concluded that the tolling provision in 11 U.S.C. § 507(a)(7)(A)(ii) applies only when an offer in compromise is made
 
 after
 
 the IRS issues an assessment:
 

 This matter is before the Court on George and Lois Aberls’ complaint to determine dischargeability of federal income taxes for tax years 1981 and 1983 under 11 U.S.C. § 523(a)(1)(A). This section excepts from discharge income taxes assessed within 240 days of a bankruptcy petition (the “240 day rule”) plus any túne during which the 240 day period is tolled by an offer in compromise pursuant to 11 U.S.C. § 507(a)(7)(A)(ii). Upon the evidence adduced at trial, the Court finds that the Aberls’ complaint is well taken and that the Aberls’ debt owed to the Internal Revenue Service for tax years 1981 and 1983 should be discharged.
 

 In deciding whether the taxes assessed against the Aberls are dischargeable in bankruptcy, the Court must first decide whether a formal written offer in compromise made prior to the assessment of taxes by the IRS tolled the running of the 240 day rule while the Offer was pending.
 

 In conclusion, an offer in compromise made prior to the assessment of taxes by the IRS does not toll the running of 11 U.S.C. § 507(a)(7)(A)(ii). Thus, the Aberls’ tax liabilities for the tax years 1981 and 1983 are not excepted from discharge under 11 U.S.C. § 523(a)(1)(A)....
 

 In light of the foregoing, it is therefore ORDERED that the Aberls’ debt owed to the Internal Revenue Service for tax years
 
 *243
 
 1981 and 1983 be, and hereby is, discharged.
 

 Bankruptcy Court’s Opinion and Order Determining Debt to be Discharged, 159 B.R. at 793-803. The United States appealed the bankruptcy court’s decision to district court.
 

 On November 2, 1994, the district court affirmed the bankruptcy court after finding no ambiguity in the statutory phrase at issue:
 

 Appellant’s first assignment of error focuses on the interpretation of 11 U.S.C. § 507(a)(7)(A)(ii) and the statute’s applicability to the offer in compromise submitted by appellees on August 21,1990, before the taxes were assessed for years 1981 and 1983....
 

 [I]n order for the tax debt at issue to be non-disehargeable, the IRS must have assessed the taxes within 240 days before appellees filed their Chapter 7 petition, unless an offer in compromise was “made within 240 days after the assessment,” in which case this time limitation is tolled while the offer is pending. The taxes assessed by the IRS against appellees for tax years 1981 and 1983 were assessed more than 240 days before the date of the filing of the petition. Consequently, the taxes are a dischargeable debt unless the tolling provision applies.
 

 Although appellant contends that an offer in compromise made
 
 before
 
 a tax assessment should be construed as an offer in compromise made
 
 after
 
 an assessment, this Court declines to do so. Nowhere in the legislative history cited by appellant is there any indication that Congress intended to include situations in which the debtor made an offer in compromise before the tax is assessed, nor is it ambiguous on this point. Rather, both the Senate Report and the Congressional Record clearly reveal that the only situation considered by Congress is that in which an offer is made after the assessment....
 

 Furthermore, this Court finds no ambiguity in the statutory phrase at issue. The statute clearly refers only to offers made after a tax assessment. Statutes providing exceptions to dischargeability should be construed strictly. In the absence of a clear demonstration of Congressional intent, this Court is unwilling to depart from the language of the statute itself....
 

 District Court’s Opinion and Order, 175 B.R. at 917-19 (citations and footnote omitted).
 

 On December 27, 1994, the United States filed its timely notice of appeal.
 

 II.
 

 The lower courts held that the Aberls’ 1981 and 1983 federal income tax liabilities were dischargeable because the taxes were not entitled to priority status under 11 U.S.C. § 507(a)(7)(A)(ii).
 
 [1]
 
 Section 507(a)(7)(A)(ii) grants priority status to “a tax on or measured by income ... assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition.... ” We must therefore determine whether the lower courts properly interpreted the phrase “within 240 days after such assessment was pending” when they discharged the Aberls’ 1981 and 1983 federal income tax debts.
 

 On May 23, 1990, the IRS sent the Aberls a notice of deficiency for tax years 1981 and 1983. On August 21, 1990, the Aberls submitted an offer in compromise to the IRS. On October 19, 1990, the IRS formally assessed tax deficiencies for tax years 1981 and 1983. On March 12, 1991, the IRS rejected the Aberls’ offer in compromise. On November 27, 1991, more than one year after the IRS formally assessed the tax deficiencies, the Aberls filed their petition for relief under Chapter 7 of the Bankruptcy Code.
 

 On December 23, 1991, the Aberls filed a complaint in bankruptcy court seeking to discharge their 1981 and 1983 tax debts.
 
 *244
 
 Though the IRS argued that the Aberls’ offer in compromise submitted
 
 prior
 
 to the IRS’s formal assessment of taxes for the 1981 and 1988 tax years triggered the tolling provision in section 507(a)(7)(A)(ii) thereby rendering the taxes non-dischargeable, the bankruptcy court ruled in favor of the Aberls after noting that exceptions to dischargeability are to be strictly construed. Specifically, the bankruptcy court held that, had Congress intended section 507(a)(7)(A)(ii) to apply to offers in compromise made by taxpayers prior to the IRS’s formal assessment of taxes, Congress would have done so expressly and unambiguously.
 
 [2]
 

 On appeal, the district court similarly held that section 507(a)(7)(A)(ii) was unambiguous in its intent to apply only to offers in compromise submitted by debtors after the IRS’s formal assessment of taxes. The district court therefore affirmed the bankruptcy court’s decision. Like the lower courts, we must determine whether the tolling provision of section 507(a)(7)(A)(ii) applies to offers in compromise made prior to the IRS’s formal assessment of taxes.
 

 Prior to the Bankruptcy Act of 1994, section 507(a)(7)(A)(ii) provided:
 

 (a) The following expenses and claims have priority in the following order:
 

 (7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—
 

 (A) a tax on or measured by income or gross receipts — _
 

 (ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition....
 

 11 U.S.C. § 507.
 

 A review of section 507’s legislative history reveals Congress’ concern that debtors might use an offer in compromise to delay negotiations with the IRS,
 
 following
 
 the IRS’s formal assessment of unpaid taxes, until the debtors’ tax liability loses priority status. The statute was therefore enacted to give the IRS 240 days to collect the taxes that are due following its formal assessment of unpaid taxes. Indeed, section 507 attempts to balance two competing interests: the debtor’s interest in obtaining a fresh start free from creditors’ claims; and, the IRS’s interest in collecting unpaid taxes. In the instant action, the IRS simply waited too long to collect the Aberls’ unpaid 1981 and 1983 federal income taxes.
 

 In bankruptcy court, the IRS conceded that it is not required to postpone or suspend collection efforts when a debtor submits an offer in compromise to the IRS.
 
 See
 
 26 C.F.R. § 301.7122 — 1(d)(2) (“The submission of an offer in compromise shall not automatically operate to stay the collection of any tax liability.”). Indeed, IRS officials testified at trial that the local IRS offices decide whether to suspend collection activities when an offer in compromise is pending. Accordingly, the lower courts properly found that the IRS, through no fault of the Aberls, allowed more than 240 days to pass after formally assessing the Aberls before collecting the Debtors’ 1981 and 1983 tax debts.
 

 Because the lower courts properly determined that § 507(a)(7)(A)(ii) provides a distinction between pre-assessment and post-assessment offers in compromise submitted to the IRS, and because courts may not reform statutes to correct perceived inadequacies,
 
 see Wolf Creek Collieries v. Robinson,
 
 872 F.2d 1264, 1269 (6th Cir.1989) (“It is not the Court’s role to address perceived inadequacies in [a statute]. “What the petitioner asks is not a construction of a statute, but, in effect, an enlargement of it by the court, so that what was omitted, presumably by inadvertence, may be included within its scope. To supply omissions transcends the judicial function.’”) (citation omitted), the district court properly decided this case.
 

 Accordingly, we AFFIRM.
 

 [1]
 

 . Section 507 of the Bankruptcy Code was amended by the Bankruptcy Act of 1994 (effective October 22, 1994) which changed section 507(a)(7) to its current designation, section 507(a)(8). We nevertheless refer to the relevant section as § 507(a)(7) in this appeal for simplicity-
 

 [2]
 

 . Indeed, after reviewing the statute’s legislative history, the bankruptcy court determined that Congress clearly intended to limit the applicability of section 507(a)(7)(A)(ii) to offers in compromise submitted by debtors
 
 after
 
 the IRS's formal assessment of taxes.