**In re Nancy P. GENUNG, Debtor.**

**Bankruptcy No. 97–62766.**

United States Bankruptcy Court,
N.D. New York.

March 24, 1998.

James F. Selbach, Syracuse, NY, for Debtor.

Mark W. Swimelar, Chapter 13 Trustee, Syracuse, NY.

William Larkin, Assistant U.S. Attorney, U.S. Department of Justice, Syracuse, NY.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

Presently under consideration by the Court is the motion filed by Nancy P. Genung ("Debtor") on October 16, 1997, seeking an order expunging a portion of the claim of the Internal Revenue Service ("IRS"). Opposition to the Debtor's motion was filed by the IRS on November 13, 1997.

The Court heard oral argument on the motion at its regular motion term in Syracuse, New York, on December 2, 1997. The parties were given an opportunity to file memoranda of law, and the matter was submitted for decision on January 6, 1998.

### JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the subject matter and parties of this contested matter pursuant to 28 U.S.C. §§ 1334(b), 157(a), (b)(1), (b)(2)(A), (B), (I) and (O).

### FACTS

The Debtor filed a voluntary petition pursuant to chapter 13 of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code") on May 5, 1997. The Debtor lists the IRS as having an unsecured priority claim in the amount of $3,333 for 1992 income taxes. *See* Schedule E attached to Petition. The Debtor lists no unsecured creditors, and the only secured creditors listed are Fleet Bank and Fleet Mortgage Group, Inc., which apparently hold mortgages on the Debtor's residence.

On August 25, 1997, the IRS filed a proof of claim in the amount of $219,475.52, of which $201,682.52 is listed as unsecured, $17,792 as secured and $1.00 as priority. Attached to the IRS's proof of claim is a breakdown of its claims. The IRS asserts that $17,792 in income taxes is owed for the tax period ending December 31, 1991, based on an assessment on August 21, 1993. The IRS also identifies its unsecured claim as comprising $201,682.52 in taxes, interest and penalties, for the tax periods ending December 31, 1991, and December 31, 1992, which the IRS alleges were assessed on August 27, 1993, and October 11, 1993, respectively. It is the unsecured claim of the IRS for $201,-682.52 which the Debtor asserts should be expunged on the basis that it was discharged in the Debtor's prior chapter 7 case.[1]

The parties do not dispute that the Genungs filed an offer in compromise on the official Form 656 pursuant to title 26 of the Code of Federal Regulations ("CFR") § 601.203 and 26 CFR § 301.7122–1 on September 21, 1993, with respect to the above-referenced assessments. The offer in compromise was rejected by the IRS on February 23, 1994. In the interim, the Genungs filed a second offer in compromise on the official Form 656 on February 13, 1994, which was rejected on July 5, 1994. On August 4, 1994, the Genungs filed an appeal, which was also rejected by the IRS on July 20, 1995.

Contained in the provisions of Form 656, signed by the Genungs on February 7, 1994, and by a representative of the IRS on February 13, 1994, is a provision which states that the Genungs agreed

to the waiver and suspension of any statutory periods of limitation for assessment and collection of the tax liability … while the offer is pending …. The offer shall be deemed pending from the date an authorized officer of the Internal Revenue Service accepts taxpayer-proponents' waiver of the statutory periods of limitation and shall remain pending until an authorized official of the Internal Revenue Service formally, in writing, accepts, rejects or withdraws the offer. **If there is an appeal with respect to this offer, the offer shall be deemed pending until the date the Appeals office formally accepts or rejects this offer in writing.**[2]

(emphasis added).

### ARGUMENTS

The Debtor contends that the 240 day period referenced in Code § 507(a)(8)(A)(ii)[3] was tolled until July 5, 1994, when the IRS rejected the Genungs' second offer in compromise. Citing to *In re Aberl*, 159 B.R. 792 (Bankr.N.D.Ohio 1993), *aff'd sub nom. United States v. Aberl*, 175 B.R. 915 (N.D.Ohio 1994), *aff'd*, 78 F.3d 241 (6th Cir. 1996), the Debtor argues that the filing of an appeal with the IRS Appeals office on August 4, 1994, "did not transform the rejected offer into a pending offer." *See* ¶ 8 of Debtor's Motion. It is the Debtor's position that the taxes do not fall within those identified in Code § 507(a)(8) and, therefore, were discharged in the Genungs' previous chapter 7 case.[4]

The IRS points out that the version of Form 656 signed by the Genungs specifically provides that their offer was deemed pending until the date the Appeals office formally

---

1. The Debtor and her husband (the "Genungs") filed a voluntary petition pursuant to chapter 7 on February 5, 1996. The Debtor alleges she and her husband received a discharge on or about June 10, 1996, in the chapter 7 case.

2. A notation on the Form 656 signed by the Genungs indicates that it was revised in February 1992. The IRS contends that the highlighted language was added to the form in February 1992.

3. Code § 507(a)(8)(A)(ii) gives priority to allowed unsecured claims of governmental units to the extent that such claims are for a tax on or

measured by income "assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition."

4. The docket in the Genungs' prior chapter 7 case (Case No. 96–60442) does not indicate that the Debtors commenced an adversary proceeding pursuant to Code § 523(a)(1) seeking a determination of the dischargeability of the 1991 and 1992 taxes in that case.

accepted or rejected their offer, which occurred on July 20, 1995. The IRS contends that the *Aberl* case, as well as *In re Klein,* 1994 WL 741214 (Bankr.C.D.Cal.1994), *aff'd sub nom. United States v. Klein,* 189 B.R. 505 (C.D.Cal.1995), a case cited by the Court at the hearing on December 2, 1997, are inapplicable to the matter herein because the version of Form 656 signed by the debtors in *Aberl* and *Klein* did not contain the language highlighted above. Instead, the IRS refers the Court to the discussion in *Hobbs v. United States (In re Hobbs),* 1996 WL 468979 (Bankr.N.D.Iowa 1996).

## DISCUSSION

The IRS first assessed the Genungs for 1991 income taxes on August 27, 1993. Twenty-five (25) days passed before the Genungs filed their first offer in compromise on September 21, 1993. At that point the running of the statutory period of limitations tolled. The IRS also assessed the Genungs for 1992 income taxes on October 11, 1993. On February 13, 1994, the Genungs filed a second offer in compromise which included, *inter alia,* income taxes for both 1991 and 1992. This second offer was made prior to the rejection of their first offer of compromise. When the statutory period of limitations again began to run rests on when the Genungs' second offer of compromise is deemed to no longer have been pending, either on July 5, 1994, as the Debtor alleges based on the rejection of the second offer in compromise, or on July 20, 1995, as the IRS asserts based on the rejection of the Genungs' appeal of the rejection of their offer by the IRS.

Offers in compromise must be submitted on forms approved by the IRS. *See* 26 C.F.R. § 301.7122–1(d)(1) and 26 C.F.R. § 601.203(b). Furthermore, the IRS will not accept any offer in compromise unless the taxpayer "waives the running of the statutory period of limitations on both or either assessment or collection of the tax liability involved for the period during which the offer is pending ...." *See* C.F.R. § 301.7122–1(f). In this case, the Genungs submitted their offers in compromise on the official Form 656, thereby complying with 26 C.F.R.

§ 301.7122–1(d)(1) and 26 C.F.R. § 601.203(b). The form signed by the Genungs in connection with their second offer in compromise specifically provides that in the event of an appeal the offer "shall be deemed pending until the date the Appeals office formally accepts or rejects this offer in writing." *See* Form 656 attached to Memorandum of Law of the IRS, filed January 6, 1998.

In *Hobbs,* the case cited by the IRS, the debtor had appealed the rejection of his offer in compromise on February 25, 1994, by letter dated April 8, 1994. The question before the court was whether the offer had been terminated when a subsequent letter was written on behalf of the debtor to the IRS requesting return of a $38,000 deposit to the debtor on September 19, 1994, or when the IRS responded by letter on February 13, 1995, indicating that the debtor would need to submit another Form 656 along with other information to the IRS. Although the IRS argued that its letter was not a rejection but "an explanation of the need for additional information," *see id.,* the court rejected this argument and concluded that the letter of February 13, 1995, in connection with the appeal process was "a formal rejection sufficient to terminate the pendency of Hobbs' offer." *Id.* at *5. The fact that the debtor's offer in compromise had been rejected on February 25, 1994, was given no consideration by the court or the parties apparently because there was no dispute that the debtor's offer was pending until his appeal was formally accepted or rejected in writing as stated in the Form 656 which the debtor had signed. *See id.* at *4.

The IRS contends that the debtors in both *Aberl* and *Klein,* signed offers in compromise on forms which apparently did not contain the language found in Form 656 as revised in February 1992. The debtors in *Aberl* made a formal written offer of compromise sometime prior to filing their chapter 7 petition on November 27, 1991. *See Aberl,* 159 B.R. at 794. There is no indication in the facts set forth in the decision of the specific language found in the version of Form 656 signed by the debtors in *Aberl.* However, the court in *Klein* made a specific finding of fact to the effect that Form 656 had been revised in

February 1992 to provide that the pendency of an offer in compromise continued during the appeal process. *See Klein,* 1994 WL 741214 at *4.

In *Klein* the debtor submitted Form 656 to the IRS on July 30, 1987. The court noted that the form submitted by the debtor provided that his offer "shall be deemed pending from the date of the acceptance of the waiver of the statutory period of limitations by an authorized Internal Revenue Service official until the date on which the offer is formally accepted, rejected or withdrawn." *See id.* at *2. There was no language providing for the pendency of the offer continuing during the appeal process. Indeed, a taxpayer did not have a right to appeal the rejection of an offer or compromise at the time the debtor was notified on April 11, 1989, that his offer in compromise was unacceptable. *See id.* at 4*.

 Code § 507(a)(8)(A)(ii) gives priority to taxes on or measured by income assessed within 240 days, plus any time plus 30 days during which an offer in compromise is pending. Similarly, Code § 523(a)(1)(A) renders non-dischargeable taxes given priority under that section. The Court must agree with the IRS that the language found in Form 656, as revised in February 1992, makes it clear that the Genungs' offer in compromise remained pending until the appeal was rejected on July 20, 1995. Accordingly, the statutory period of limitations ran for 25 days between the time of assessment and the date the Genungs filed their first offer in compromise on September 21, 1993.[5] The statutory period was tolled until August 20, 1995, 30 days after the rejection of their appeal on July 20, 1995. Between August 20, 1995 and February 5, 1996, the date the Genungs filed their chapter 7 petition, 169 days passed. Because less than 240 days passed (169 + 25 = 194 days) when the Genungs' chapter 7 was commenced, the 1991

and 1992 income taxes were entitled to priority and were excepted from the Genungs' Code § 727 discharge pursuant to Code § 523(a)(1)(A). Therefore, at the time the Debtor commenced her chapter 13 case on May 5, 1997, that portion of the IRS's claim in the amount of$201,682.52 was valid and enforceable. Accordingly, the Court must deny the Debtor's motion to expunge that portion of its claim.

Based on the foregoing, it is hereby

ORDERED that the Debtor's motion seeking to expunge the unsecured claim of the IRS in the amount of $201,682.52 for the tax years 1991 and 1992 is denied.

---

5. Although the Court was not presented with a copy of the Genungs' first offer of compromise, for purposes of this Decision the Court will assume that September 21, 1993, was the date that the Genungs' Form 656 was signed by an authorized representative of the IRS since the event which "stops the limitations clock" is the signature of the district director for the IRS. *See*

*United States v. Simons,* 129 F.3d 1386, 1390 (10th Cir.1997). This assumption is given support by the fact that the Debtor indicates in her Motion that the second offer of compromise was filed on February 13, 1994, which is the date the Form 656 was signed by the IRS official representative. The Genungs actually signed the Form 656 on February 7, 1994.